# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **KATHY SUE HALE/CAMACHO** | **PLAINTIFF** |
| V. | NO. 3:19-CV-195-DMB-JMV |
| **DEPARTMENT OF JUSTICE** <br> **OF OXFORD MISSISSIPPI, et al.** | **DEFENDANTS** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden, which recommends the dismissal without prejudice of Kathy Sue Hale/Camacho's complaint, and the denial of her motion to appoint special counsel and her motion to amend her complaint. Doc. #12.

## I
## Procedural History

On August 29, 2019, Kathy Sue Hale/Camacho, acting pro se, filed a "Complaint for Violations of Civil Rights Under 42 U.S.C., 1983" against the "Department of Justice of Oxford Mississippi," "Department of Justice of Washington," Clay Joyner, Jim Hood, Judge Andrew Halworth, Alison Farese Thomas, and Steven Farese. Doc. #1. That same day, Camacho filed a motion to proceed in forma pauperis, Doc. #2; and a "Motion for Appointment of Special Counsel," Doc. #3.

On September 12, 2019, Camacho was granted leave to proceed in forma pauperis. Doc. #9. Also that day, United States Magistrate Judge Jane M. Virden, finding that Camacho alleged no facts to support the allegations of her complaint, directed Camacho to "file an amended complaint, within fourteen (14) days … asserting a cognizable claim … or risk dismissal of her complaint." Doc. #10. Seven days later, Camacho filed a "Motion to Amend Complaint for

Violations of Civil Rights Under 42 U.S.C., 1983." Doc. #11.

On October 21, 2019, Judge Virden issued a Report and Recommendation ("R&R") recommending that Camacho's motion for special counsel and her motion to amend[1] be denied, and "that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915" as frivolous. Doc. #12 at 6. Camacho filed on December 5, 2019,[2] a document titled "Objections to Report and Recommendation" but which in substance appears to reiterate her request for appointment of special counsel, and asks that "an investigation be ordered into every case [she] had opened in Hollysprings, MS" and for a jury trial. Doc. #14.

## II
## Standard of Review

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

The R&R recommends dismissal of Camacho's complaint because it improperly attempts to assert § 1983 claims against private persons rather than against state officers or employees, and because certain claims are either conclusory or unintelligible. The R&R also recommends that the motion to amend be denied as futile because the proposed amended complaint would not resolve the deficiencies of the original complaint. Based on these conclusions, the R&R recommends

---

[1] Judge Virden viewed the text of the motion to amend as a proposed amended complaint. *See* Doc. #12 at 5.

[2] Because there was a question of whether the October 21 R&R was mailed to Camacho on the date it was entered, it was sent to her by mail on November 25, 2019. Camacho's "objections" document was filed ten days later.

denying the motion to appoint counsel because the underlying claims are frivolous.

In her December 5 filing, Camacho does not specifically object to Judge Virden's recommendation that her complaint be dismissed or that her motion to amend be denied but she does reassert her request for special counsel.[3] Thus, the Court will conduct a de novo review of only that portion of the R&R concerning Camacho's motion to appoint special counsel.

In again requesting special counsel in her objection, Camacho states that she "has every right to PROPER counsel …." Doc. #14 at 2. She then, as in her initial motion, quotes 28 C.F.R. § 600.1, "Grounds for appointing a Special Counsel." *Id.* at 2–3. Section 600.1, however, refers to the appointment of outside special counsel to conduct a criminal investigation when a conflict of interest would be presented if "a United States Attorney's Office or litigating Division of the Department of Justice" investigated or prosecuted. By its plain language, the provision does not provide a right to counsel for a plaintiff in a civil action.

While 28 U.S.C. § 1915(e)(1) allows a court discretion to appoint counsel to an indigent plaintiff, there is no automatic right to appointment of counsel in a civil rights case. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The Fifth Circuit has held that "[a] trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. [§] 1983 unless the case presents exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 265 (5th Cir. 1982). Exceptional circumstances do not exist when the underlying claim is "meritless." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

The Court finds, for the reasons stated in the R&R, that Camacho's claims, as pled in both her original complaint and in the proposed amended complaint, are meritless. Thus, the R&R will be adopted to the extent it recommends the denial of Camacho's motion to appoint counsel.

---

[3] As mentioned above, Camacho's December 5 filing also requests an investigation and a jury trial.

Further, having reviewed those portions of the R&R to which Camacho did not object and finding them neither contrary to law nor clearly erroneous, the Court will adopt them as well.

## IV
## Conclusion

The Report and Recommendation [12] is **ADOPTED** as the opinion of the Court; Camacho's motion to appoint special counsel [3] is **DENIED**; Camacho's motion to amend [11] is **DENIED**; and this case is **DISMISSED without prejudice**.

**SO ORDERED**, this 6th day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**